ORAL ARGUMENT SCHEDULED FOR SEPTEMBER 30, 2025

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| CLEAN FUELS ALLIANCE AMERICA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>Respondents. | Case No. 20-1107<br>(and consolidated case) |

## INTERVENORS' OPPOSITION TO PETITIONERS' EMERGENCY MOTION FOR ABEYANCE

Pursuant to this Court's order (Doc. 2136855), Intervenors American Fuel & Petrochemical Manufacturers ("AFPM") and Small Refineries respectfully oppose Petitioners' Emergency Motion for Abeyance. Doc. 2136397. Petitioners' motion serves only to reinforce that this case is moot and should be dismissed. Delaying disposition of this case—again—would advance neither "the interest of judicial economy [nor] orderliness." Motion at 11. This court should not allow Petitioners' to preserve *ad infinitum* their ability to assert stale, and meritless arguments that Environmental Protection Agency ("EPA") has an absolute duty to retroactively account for years-old small refinery exemptions. Absent dismissal, we ask that the Court deny the motion and proceed to hold oral argument scheduled for September 30, 2025. *See* Doc. 2123375.

## BACKGROUND

The Clean Air Act requires the EPA to promulgate renewable fuel standards ("RFS") for each calendar year. 42 U.S.C. §7545(*o*)(2)(B). EPA promulgated such standards for 2020 ("initial 2020 Rule" or "2020 Rule"). 85 Fed. Reg. 7016 (Feb. 6, 2020). EPA later fully replaced these standards with different standards covering calendar years 2020-2022 (2020-2022 Rule). 87 Fed. Reg. 39600 (July 1, 2022). EPA subsequently promulgated additional RFS requirements for calendar years 2023-2025. 88 Fed. Reg. 44468 (July 12, 2023). And EPA has now proposed RFS requirements for calendar years 2026-2027. 90 Fed. Reg. 25,784 (June 17, 2025) (original proposal); 90 Fed. Reg. 45,007 (Sept. 18, 2025) (supplemental proposal). Petitioners' challenge in this case addresses only the superseded initial 2020 Rule.

This litigation concerning the initial 2020 RFS rule was put into abeyance in 2022 during the pendency of litigation regarding the 2020-2022 Rule. Doc. 1968062. When seeking abeyance, EPA explained that in the 2020-2022 Rule, EPA "took action on" an "issue[] raised by Petitioners in this litigation, reaffirming its regulations accounting for exempted small refinery volumes in the percentage standard formula[.]" Doc. 1966767 at 3. Litigation over the 2020-2022 Rule resolved the arguments the parties raised on that issue in that case. *Sinclair-Wyo. Refin. Co. LLC v. EPA*, 101 F.4th 871, 893 (D.C. Cir. 2024). Petitioners *defended* EPA's percentage standard formula in the 2020-2022 Rule litigation. Doc. 2112942 at 9.

2

As a result of that litigation, all other Petitioners dismissed their petitions. Yet, despite the opportunity to do so, Petitioners failed to challenge EPA's decision to maintain its approach regarding past small refinery exemptions in the 2020-2022 Rule and they now seek to resurrect this suit and return this litigation to abeyance pending the finalization of *yet another* RFS rule—for the 2026 and 2027 compliance years. Motion at 11.

## ARGUMENT

There is no "emergency" that justifies an additional abeyance just days from the scheduled oral argument.

First, Petitioners' Motion reinforces the mootness of their challenge to a "policy" regarding small refinery exemptions articulated in the 2020 Rule. EPA took comment on and then reaffirmed that policy, and it was ripe for adjudication by this Court, in the 2020-2022 Rule that this Court upheld, which should have been the end of any litigation challenging the fully replaced 2020 Rule. Petitioners for some reason chose not to challenge EPA's reaffirmation in the 2020-2022 Rule litigation, which resulted in the issue now before the Court. EPA is now proposing to adjust that policy in the 2026-2027 proposed rule, Petitioners would have the Court hold off disposing of an issue *Petitioners alone believe is live*. Petitioners' concerns plainly lie not with the initial 2020 RFS rule which they challenged, but rather with the outcome of actions occurring well after the promulgation of that rule and other

3

actions that do not yet constitute final agency action.[1] The Court should not countenance Petitioners' blatant attempt to game the system, and instead should dismiss the Petitions.

Second, Petitioners do not show how either of the cited actions (recent EPA determinations regarding small refinery exemption requests and a *proposed* rule to set RFS for 2026 and 2027) address the "policy" that was allegedly contained in the challenged 2020 RFS rule (which simply maintained EPA's historical practice regarding accounting for small refinery exemptions granted subsequent to a final rule).[2] Petitioners admit that EPA's recent actions and proposals will not fully resolve their challenge to the 2020 RFS. Motion at 1 ("These actions … would preempt much (though not all) of the need for the reallocation of past SREs to date that plaintiffs seek through this lawsuit."). And regarding any small refinery

---

[1]  Petitioners' reply brief also lays this bare: "Petitioners seek not the invalidation of the 2020 percentage standards, but the invalidation of EPA's policy of not adjusting percentage standards to account for past retroactive exemptions. If the Court agrees with petitioners, EPA will have to conform its policy to that ruling and apply its revised policy in *future* standard-settings[.]" Reply at 4-5 (Doc. 2112929).

[2]  RFS rules have never reallocated small refinery exemptions that were determined by EPA after the date of a final rule. These regulations extend back to the original "RFS 1" rules promulgated to implement the 2005 Energy Policy Act RFS provisions and the "RFS 2" rules promulgated to implement amendments to the RFS made by the Energy Independence and Security Act. *See* 40 C.F.R. 80.1105(c), 80.1405(c). Only small refinery exemptions that EPA projects it will approve are added to future RFS volumes. *Id*. 80.1405(c). Thus, any "policy" regarding non-reallocation of volumes of renewable fuel based on such small refinery exemptions is not unique to the 2020 RFS.

4

exemptions granted for 2020 and prior years, Petitioners admit that EPA's recent determinations on small refinery exemptions will have no effect. Motion at 10.

Regarding the 2026-2027 proposed rule, any final rule may be months away, and its details remain unknown. Petitioners may *hope* that a final RFS rule for 2026 and 2027 will interpret the statute in a way they favor, but there is no assurance of that outcome or any effect on 2020 RFS obligations from EPA final decisions in that rule. Indeed, EPA has proposed a full range of potential actions regarding the reallocation of SREs granted for 2023-2025, including not reallocating *any* of the volumes associated with these SREs. 90 Fed. Reg. at 45007. Moreover, the fact that EPA may have taken further actions to implement the RFS after the promulgation of the now-defunct 2020 Rule is not unusual. EPA is required to promulgate rules for every calendar year in which the RFS applies. The fact that EPA may have made other determinations on small refinery exemptions or that EPA may take additional actions for future calendar years cannot impact the volume of renewable fuel used in 2020 or prior years. Thus, there is no need to wait and see if EPA may change existing RFS regulations to determine whether EPA has lawfully promulgated RFS rules in the past.

Petitioners acknowledge that EPA's small refinery exemptions in the 2026-2027 proposal advances a different legal theory than the one Petitioners raise here. Motion at 9-10. *Compare* Opening Br. at 28 with 90 Fed. Reg. at 45011 (Sept. 18,

5

2025). Therefore, finalizing a 2026-2027 rule that reallocates prior year small refinery exemptions, as proposed, would have no impact on Petitioners' theory that EPA's duty to "ensure" the requirements of §7545(*o*)(2)(B) are met requires EPA to reallocate all applicable volumes associated with previously granted small refinery exemptions. Moreover, such action could not reasonably be expected to affect a "policy" contained in the initial 2020 RFS rule. Consequently, even read in the light most favorable to the Petitioners, granting another abeyance will not serve judicial economy but will only unjustifiably delay resolution of litigation concerning a rule EPA promulgated well over five years ago (85 Fed. Reg. 7016 (Feb. 6, 2020)) and fully displaced three years ago (87 Fed. Reg. 39600 (July 1, 2022)).

Read less charitably, Petitioners all but promise that they will seek to revive this litigation in the future based on the same legal theories they have already articulated. Petitioners simply want to avoid a negative outcome in this case while they wait and see whether they can get a better outcome in the 2026-2027 rule and, if not, take a second (third?) bite at the apple on their "ensure" argument. Delaying such a result is a waste of judicial resources and does not serve anyone's interests but Petitioners'.

Suppose Petitioners seek to impact future volumes of renewable fuel to be required under the RFS based on actions EPA did not take with regard to the 2020 RFS but might undertake in the future. In that case, there is no logical endpoint to

which an abeyance should end because EPA is required to promulgate calendar year applicable volume requirements *ad infinitum*. Under Petitioners' theory, additional future actions could conceivably be interpretated to "endorse the programmatic logic underlying petitioners' claim" respecting the 2020 RFS. Motion at 1. We do not suggest that the Petitioners actually seek such an indefinite delay, but this logical possibility shows the true purpose of the abeyance motion: to improve the Petitioners' arguments by introducing information that extends far beyond the administrative record for the 2020 Rule. This again does not provide a valid rationale for an additional abeyance.

## CONCLUSION

Petitioners' "emergency" motion confirms that this case is moot. Accordingly, the Court should deny Petitioners' motion and dismiss the petitions, or alternatively hold oral argument as scheduled on September 30, 2025.

Dated: September 25, 2025                    Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Jonathan G. Hardin*
　　　　　　　　　　　　　　　　　　　　　　　Jonathan G. Hardin
　　　　　　　　　　　　　　　　　　　　　　　Alexandra Magill Bromer
　　　　　　　　　　　　　　　　　　　　　　　Michael R. Huston
　　　　　　　　　　　　　　　　　　　　　　　PERKINS COIE LLP
　　　　　　　　　　　　　　　　　　　　　　　700 Thirteenth Street, NW, Suite 800
　　　　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005-3960
　　　　　　　　　　　　　　　　　　　　　　　(202) 654-6200

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for Intervenors*

*American Refining Group, Inc.; Calumet Montana Refining, LLC; Calumet Shreveport Refining, LLC; Countrymark Refining & Logistics, LLC; Ergon Refining, Inc.; Ergon-West Virginia, Inc.; Hunt Refining Company; Par Hawaii Refining, LLC; Placid Refining Company LLC; San Joaquin Refining Co., Inc.; The San Antonio Refinery LLC; U.S. Oil & Refining Co.; and Wyoming Refining Company*

Robert J. Meyers
Elizabeth B. Dawson
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, DC  20004-2595
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
rmeyers@crowell.com

*Counsel for Intervenor American Fuel & Petrochemical Manufacturers*

## CERTIFICATE OF COMPLIANCE

This response brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,538 words, excluding those parts exempted by Rule 32(f).

This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5)(A) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 Times New Roman 14-point font.

/s/ *Jonathan G. Hardin*
Jonathan G. Hardin

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2025, I electronically filed the foregoing brief with the Clerk of the Court for the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

    /s/ *Jonathan G. Hardin*
    Jonathan G. Hardin